JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01672-JHN-JCx | Date | March 22, 2010 |
|---|---|---|---|
| Title | Cesar Gomez v. BC Bancorp et. al. | | |

| Present: The Honorable | Jacqueline Nguyen | | |
|---|---|---|---|
| Alicia Mamer | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER REMANDING TO LOS ANGELES SUPERIOR COURT (In Chambers)

On March 8, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).

A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983).[1] In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345-46 (9th Cir. 1996); *see also id.* at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Here, Removing Defendants argued in their Notice of Removal ("Notice") that this "is a civil suit for damages and arises under . . . the Truth in Lending Act . . . RESPA . . . and . . . HOEPA[.]" (Notice ¶ 4.) The primary causes of action, however, allege *state law* violations of, *inter alia*, fraud, breach of covenant of good faith and fair dealing, and unjust enrichment. Removing Defendants' conclusory assertions that these allegations arise under federal law do not demonstrate how the state law allegations "necessarily turn" on TILA, RESPA, or HOEPA violations.

Indeed, the only allegation captioned with a federal claim is count three, which alleges, secondarily, violation of

---

[1] The "actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act . . . but [the Supreme Court] nevertheless concluded that federal jurisdiction was lacking. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229 (1986).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01672-JHN-JCx | Date | March 22, 2010 |
|---|---|---|---|
| Title | Cesar Gomez v. BC Bancorp et. al. | | |

TILA.  (Compl. ¶ 46-58.)  Plaintiff's primary allegation is actually for violation of California Business & Professions Code § 17200 et. seq: "Plaintiff alleges that DEFENDANTS' unlawful business and/or practices as alleged herein *have violated numerous laws and/or regulations* and said predicate acts are, therefore. per se violations of Sections 17200 et seq. These predicate unlawful business acts and/or practices *include* failure to comply with the disclosure requirements mandated by TILA[.]" (Compl. ¶ 42, emphasis added.)  It is clear from the face of the Complaint that TILA is not the sole basis for Plaintiff's state law cause of action. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper")

The Complaint's other references to federal statutes are far too vague and conclusory to warrant federal jurisdiction.  *See*, *e.g.*, Compl. ¶ 32 (alleging "violation of . . . HOEPA . . . TILA[.]  The full details of these violations are presently unknown to Plaintiff, however, when these facts are ascertained through discovery and investigation, this complaint will be amended with leave of court to allege those facts.")

Accordingly, this matter is hereby REMANDED to the Los Angeles Superior Court.

|  |  | : | N/A |
|---|---|---|---|
|  | Initials of Preparer | AM | |